Shauck, J.
The administrator in this case stands upon the rights of his intestate, and the question submitted is to be determined as though she had brought the suit in her lifetime. If upon the trial of these issues in the court of common pleas either party was entitled to demand a jury, the appeal was properly dismissed; and that right existed if the action was for the recovery of money only. The adjudications of this court determine that, if the action is for that purpose only, it is triable by jury, even though the principles upon which a recovery is sought *580 are equitable in their nature and origin. They also determine that eases are so triable if the remedy of accounting in equity is not necessary to full and adequate relief even though disclosures from the defendant may he desired.
Chapman v. Zee, 45 Ohio St., 356; Gunsaulus, Admr., v. Pettit, Admr., 46 Ohio St., 27.
But an action is not for the recovery of money only if it invokes the exercise of equitable jurisdiction, which, in cases of this character, must be found, if at all, in that prolific source of equitable jurisdiction — the inadequacy of legal remedies.
In the original petition the plaintiff did not allege .an indebtedness for a definite amount due from the defendant. He alleged facts which excused him from doing so, by showing that, although the parties were adversary in the suit, they had not been so in the transactions out of which it arose.
The case alleged showed that the defendant was a trustee; that in consequence of the trust and confidence reposed in him by his mother, he was in possession of funds belonging to her, whose amount he knew, and she did not. The ease was not for money only. It invoked the exercise of equitable jurisdiction to compel the trustee to render an account necessary to the ascertainment of the amount due, and for a judgment for that amount when ascertained. Pomeroy’s Eq., section 1421, and notes.

Judgment reversed.